MoKiNNEy, J.,
delivered the opinion of the court.
This was an action of debt in the circuit court of Lincoln, brought by Clarke against Burke, to recover the price of a slave sold by the former to the latter, on the 2d of February, 1851, with a warranty of soimd/ness.
The defence to the action was, that the slave was of unsound mind at the time of the sale. To repel this defense, the plaintiff, among other witnesses, called K. A. McDonald, who had sold and conveyed the slave to the plaintiff on the 7th of June, 1847, with a covenant of warranty as to the sowicfoiess, as well as to the title of said slave. And on this ground the defendant objected to the competency of said McDonald, but the court overruled the objection, and held the witness to be competent. And the question for our determination is, was this error?
*311 There is some difference of opinion upon this question, but the weight of authority, we think, is decidedly against the competency of the witness. Mr. G-reenleaf lays it down, (vol. 1, § 397,) that the warrantor is incompetent as a witness for his vendee; and that it makes no difference in what manner the liability arises, nor whether the property is real or personal estate. If the title is in controversy, the person who is bound to make it good to one of the litigating parties, against the claim of the other, is identified in interest with that party, and therefore cannot testify in his favor. And if the quality or soundness is the subject of dispute, and the vendee with warranty has re-sold the property, with similar warranty, the principle is still the same. And the principle seems to be alike applicable to an implied, as to an express warranty.
The cases from the English books upon this subject are contradictory; and so, to some extent, are the American cases. In Baldwin vs. Dixon, 2 Moo. & Mal., 59, Lord Tenterden admitted the vendor of a horse, with warranty, as a witness for Ms vendee. In Briggs vs. Crick, 5 Esp., 99, Lord Alvanly, in a similar case, admitted the vendor in an action against his vendee, to prove the soundness of the horse at the time of the sale by the former to the latter. And this upon the ground, as it is said, that there was no direct interest, as the horse might have been sound when sold by the witness, and unsound when sold by his vendee. But, as has been justly observed of this decision, unless the evidence of the soundness of the horse at the time of the first sale, tended to prove his soundness at the time of the latter sale, it was wholly irrelevant; and if such were its tendency, then the witness had an interest to establish the fact of *312 soundness in order to avoid bis liability over on tbe 'warranty to bis vendee. But in a more recent case, (1 M. & Rob., 302,) it was beld, upon an examination of tbe authorities, that tbe vendor was incompetent on tbe ground that tbe effect of tbe judgment in favor of tbe defendant would be to relieve tbe witness from an action on bis warranty at tbe suit of tbe vendee.
Mr. Starlde states tbe doctrine substantially as laid down by Greenleaf. He says (vol. 1, 105, 106, 6 Am. Ed.) that tbe possibility of an action being brought against tbe witness, in case his testimony shall not prevail, and tbe tendency of bis testimony to render bis liability less probable, will not exclude him. But that where actual gain or loss would result simply and immediately from tbe verdict and judgment; or where the witness is so situated that a legal right or liability, or discharge from liability, would immediately result from the verdict and judgment;-or where such legal right or liability depends not simply on tbe verdict and judgment, but also on some material fact disputed in tbe cause, in respect of which tbe witness would be liable, in each of these three predicaments, tbe witness is incompetent. And be lays it down (vol. 2, 894) that a witness who is answerable to a vendee, in case tbe title turn out to be defective, is not competent to support tbe title in an action against his vendee founded on tbe alleged defect of title. But it is otherwise where tbe sale is without warranty; In Phillips on Evidence, (2 vol., 91, second Ed.,) tbe same principle is stated.
Tbe rule which excludes the vendor, with warranty, as a witness for bis vendee, is, we think, no less sustained by principle than by authority. And this rule can work no practical inconvenience, as tbe objection to *313 tbe competency can readily be obviated by a release of tbe vendor’s liability upon tbe covenant of warranty.
Tbe judgment is erroneous, and will be reversed.